The opinion of the Court was delivered by
Crafts, for the motion. Cogdell, contra.
Johnson, J.
To charge the endorser of a promissory note, all that is necessary is to make a demand of the drawer, and to give notice of nonpayment to the endorser, within the time, and in the manner established by mercantile usage. Whether the drawer did or did not retain his credit with the bank, appears to me, therefore, wholly unimportant, whatever might have been the reasons, and was therefore properly rejected. Nor do, I think, that the protest having been made earlier than three days after the demand of payment, of more importance; as in this case it was not indispensably necessary to charge the defendant.
The case, then, is reduced to the single question, whether the demand was or was not made as early as was necessary, in order to charge the defendant as endorser, as there is no pretence on his part, of want of notice of nonpayment. Three days are usually ^allowed by the custom of merchants for the payment of notes, after they become due, according to the time fixed by the note itself; and it is to be presumed that every man, who issues paper, is aware when it becomes due, and that he will make provision for the payment; but as they are a sort of circulating medium, it is incumbent on the person into whose hands they fall, to demand payment, by way of giving notice, when the-note is due. Now, if he has this notice before he is bound to pay it, and before his endorsee could legally demand payment, all the reasons that render a demand necessary, are fully answered.
A demand, therefore, under any circumstances, on the last day of grace, is sufficient to charge the endorser. ■ (Chitty on Bills, 194; and Maxwell on Bills, 163.)
Let the motion for a new trial be dismissed.
Colcock and Gantt, JJ., concurred.

 See post, 116. 2 MeC. 436.